DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

UNIVERSAL PROPERTY & CASUALTY INSURANCE
COMPANY,

Appellant,

v.

WILLIAM BELL and DENISE BELL,

Appellees.

No. 2D2025-1483
_____

August 14, 2026

Appeal from the Circuit Court for Pasco County; Susan Barthle, Judge.

David A. Noel and Kara Rockenbach Link of Link & Rockenbach, PA, West Palm Beach, for Appellant.

Raymond T. Elligett, Jr., and Amy S. Farrior of Buell Elligett Farrior & Faircloth, P.A., Tampa; and Dean Makris of Makris & Mullinax, P.A., Tampa, for Appellees.

PER CURIAM.

Affirmed. *See Buis v. Universal Prop. & Cas. Ins.*, 394 So. 3d 738, 740 (Fla. 2d DCA 2024) ("Accepting the presumption that enforcement of section 627.70152[, Florida Statutes,] in this case constitutes retroactive application of the statute, we conclude, as did the Sixth District, that the requisite legislative intent for such retroactive application is lacking.");

*Priest v. State Farm Fla. Ins.*, 51 Fla. L. Weekly D1014, D1015 (Fla. 1st DCA May 20, 2026) ("Because of the structure of the provision in question here—the context surrounding the phrase 'all suits,' the existence of an effective date, and the Legislature's choice of 'suits' rather than 'policies' as the operative noun—section 627.70152 does not contain evidence clearly expressing any legislative intent of retroactive application."); *Smith v. Universal Prop. & Cas. Ins.*, 396 So. 3d 860, 861 (Fla. 5th DCA 2024) ("We adopt the rationale and reasoning of our sister courts from the Second and Sixth Districts and, for the reasons relied upon in these opinions, hold that it was error to apply section 627.70152 retroactively to the Smiths' policy in this case."); *Hughes v. Universal Prop. & Cas. Ins.*, 374 So. 3d 900, 910 (Fla. 6th DCA 2023) ("Florida Supreme Court precedent requires us to hold that section 627.70152 does not apply retroactively to insurance policies entered into before the statute's effective date . . . ."), *review granted*, No. SC2024-0025, 2024 WL 1714497 (Fla. Apr. 22, 2024).

Additionally, as this court did in *Buis*, we certify conflict with *Cantens v. Certain Underwriters at Lloyd's London*, 388 So. 3d 242 (Fla. 3d DCA 2024), and *Cole v. Universal Property & Casualty Insurance*, 363 So. 3d 1089 (Fla. 4th DCA 2023). We also certify conflict with *Universal Property & Casualty Insurance v. Griffin*, 51 Fla. L. Weekly D352 (Fla. 4th DCA Feb. 25, 2026), *conflict certified*, 51 Fla. L. Weekly D850 (Fla. 4th DCA Apr. 22, 2026) (first certifying conflict with *Hughes*, 374 So. 3d 900; then *Buis*, 394 So. 3d 738; and then *Smith*, 396 So. 3d 860).

Affirmed; conflict certified.

SILBERMAN, ATKINSON, and GUARD, JJ., Concur.

———————————————————

2

Opinion subject to revision prior to official publication.